JAMES K. LANE, PLAINTIFF IN ERROR, V. EZRA S.
ABBOTT, DEFENDANT IN ERROR.

23  489|
d62  250|

1. **Ejectment.** In order that a plaintiff may recover real estate in an action of ejectment, his description of the land in dispute mūst.be such as would enable a competent surveyor to locate it by referring to deeds, writings, or known objects by which the exact land can be identified.

2. ———: DESCRIPTION OF PROPERTY. Plaintiff claimed the possession of certain lots and blocks in Lane's addition ·to Pleasant Hill, describing them by their numbers. The addition was surveyed and platted in 1871, after which the proprietor sold the lots described in plaintiff's petition, and which had, by *mesne* conveyances, been transferred to plaintiff. The plat is described by the record as being south and west of the original town of Pleasant Hill, "on south-east ¼ of section 9, town seven (7), range three (3) east, Saline county, Nebraska." No other description, location, or monuments are given. There is no plat of the original town of Pleasant Hill. The certificate of the surveyor described it as " part N.E. ¼ S.E.¼, Sec. 9, T. 7, R. 3 east.   *   *   W. C. 50 links, S.N.E. corner of S.E. ¼, walnut stake 2 inches square, one foot long, var. 10° 30′ east." No other description or monuments are given. In 1877 the proprietor sold and conveyed to defendant the land on which the survey had been made, describing it by the government survey, and not as a platted town. At that time, and prior thereto, the land was used as a farm, and has been so used by defendant since his purchase, until the commencement of this action. It was *Held*, That as the lots were incapable of identification, plaintiff could not recover.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Hastings & McGintie,* for plaintiff in error, cited: *Weeping Water v. Reed,* 21 Neb., 266. *Coats v. Taft,* 12 Wis., 388. *Smith v. Dean,* 15 Neb., 435. *Vose v. Brad-street,* 27 Me., 156. 5 Wash. Real Prop. (5th Ed.), 434. *Andrews v. Murphy,* 12 Ga., 431. *Hathaway v. Evans,* 108 Mass., 270. *Blaney v. Rice,* 20 Pick., 64.

*Abbott & Abbott* (*Robert Ryan* with them), for defend-
ant in error, cited: 2 Devlin Deeds, Sec. 1011. *Archi-
bald v. Davis*, 5 Jones Law, 324. *U. S. v. King*, 3 How.,
773. *Deery v. Cray*, 10 Wall., 270. *Campbell v. John-
son*, 44 Mo., 247. *Bailey v. White*, 41 N. H., 337.

REESE, CH. J.

This was an action in ejectment, for the possession of
certain lots and blocks in William H. Lane's addition to
Pleasant Hill, in Saline county.

The cause was tried to the district court, and, a judg-
ment being rendered in favor of defendant, plaintiff prose-
cutes error to this court.

A number of questions are presented for decision, but,
in our opinion, it is necessary to examine but one; and
that is, whether there was sufficient proof of the identity
of the real estate involved to entitle plaintiff to a judgment.
We think there was not. Both parties claim from the same
common grantor, William H. Lane. A deed to defendant
was executed by Lane and wife on the 16th day of March,
1877, which includes the following described real estate,
to-wit:

"All that part of the south-east quarter (S. E. ¼) of
section No. nine (9), in township No. seven (7) north of
range No. three (3) east of the 6th P. M., described as fol-
lows, to-wit: Commencing at the north-west (N. W.) cor-
ner of said south-east quarter (S. E. ¼); thence south
one hundred and sixty (160) rods, to the south line of said
section; thence east on said south line one hundred and
thirty-two (132) rods; thence north one hundred and sixty
(160) rods to the center line of said section; thence west
one hundred and thirty-two (132) rods on said center line
to the place of beginning. Also the south-east quarter
(S. E. ¼) of the south-west quarter (S. W. ¼) of said sec-
tion. Also the north half (N. ½) of the north-east (N. E. ¼).

quarter of section number sixteen (16), town number 7 north of range number three (3) east of the 6th P. M. All of said land lying and being in Saline county, Nebraska."

Plaintiff's title consists of conveyances executed by William H. Lane to various persons, to whom the several lots seem to have been sold prior to the conveyance of W. H. Lane to defendant, and through conveyances from such purchasers· to himself.

It is, perhaps, true that on the 4th day of August, 1871, W. H. Lane platted a part of this land as his addition to Pleasant Hill, the certificate of the county surveyor and of the plattors being as follows :

"William H. Lane's First Addition to Pleasant Hill. Pleasant Hill is situated south and west of the original town plat of said town, on south-east quarter of section nine, town seven (7), range three (3) east, Saline county, Nebraska. The addition includes blocks No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14, and part blocks 15, 16, · 17, 18, 19, and 20. Blocks are sixteen rods square, streets five (5) rods wide, except Eighth street, Sixth street south of Franklin street, and Franklin west of Sixth, which are two and a half rods wide ; alleys, one rod wide; lots, four (4) by seven (7½) rods, except lots one (1) and six (6) in part block 15, lots one (1) and six (6) in part block sixteen (16), and lots one (1) and six (6) in part block 17, which are two and a half by seven and a half rods; and lots 1 and 2 in block 3, lots 1 and 2 in block 4, lots 1 and 2 in block 5, and lots 1 and 2 in block 6, which are 8 by 16 rods square. The chainmen being duly sworn, J. K. Lane and Walter Smith.

"G. B. VAN LIEW.
"*Deputy County Surveyor.*

"We, W. H. Lane and Annie R. Lane, his wife, hereby certify that we are the legal owners of the above described land, on which W. H. Lane's first addition to the town of Pleasant Hill is situated, and that the above description,

as represented by the accompanying plats, is according to our desire and 'intention, and we hereby relinquish all our right and title to all streets, alleys, parks, and commons set apart for public use.

"Signed this fourth day of August, A.D. 1871.

"W. H. LANE,

"ANNIE R. LANE.

"In presence of:

"F. L. MORSE."

By these certificates it appears that William H. Lane's first addition to Pleasant Hill is situated on the south and west of the original town plat of Pleasant Hill, on "southeast ¼ of section 9, town 7, range 3, in Saline county." The plat accompanying the certificate makes no mention of the town of Pleasant Hill, and we are left in the dark as to the location of the platted portion of the section referred to. But it is contended that if the addition lay south and west of the original town plat we must presume that it was adjoining the town plat, it being an "addition" thereto. While not deciding that this presumption exists, we may assume that it does, and then we must refer to the original dedication of Pleasant Hill. We here quote the certificates of the county surveyor and the plattors, W. H. Lane and wife, which are as follows:

"'Pleasant Hill.' Part N.E. ¼ S.E. ¼, Sec. 9, T. 7, R. 3 east, blocks 16 rods square, alleys one rod wide, lots 4 by 7½ rods, streets 82½ feet wide, scale 8 rods to the inch, W. C. 50 links S. N.E. corner of S.E. ¼, walnut stake 2 inches square one foot long, Var. 10° 30' east.

"I do hereby certify that I have accurately surveyed the above described 'Pleasant Hill,' and the streets, alleys, blocks, and lots are well and accurately staked off and marked as described on the above plat.

"TOBIAS CASTOR,

"Surveyor."

" Know all men by these presents, that we, W. H. Lane and A. R. Lane, his wife, hereby relinquish all their right, title, interests of streets, alleys, avenues, squares, parks, and commons for public purposes, of the above described Pleasant Hill, and that at the ensealing of these presents we are the legal owners of the N.E. ¼ of the S.E. ¼ of Sec. 9, township 7 north of range 3 east, upon which the above described Pleasant Hill is situated. In witness whereof we have hereunto set our hands and seals this 25th day of May, 1868:

" W. H. LANE. [SEAL.]

" AN. R. LANE. [SEAL.]

"Signed in presence of

" TOBIAS CASTOR."

There is no plat accompanying these certificates, and none is shown by the records of Saline county. Referring to the certificate of the surveyor, and of the plattors, we are informed that the surveyed land is a part of the N.E. ¼ of the S.E. ¼ of section 9, town 7, range 3 east. No further information is given as to the location of the town site. The words " W. C. 50 links S. N.E. corner of S.E. quarter, walnut stake 2 inches square one foot long, Var. 10° 30′ east," can give us no assistance. Not knowing the exact location of the original town of Pleasant Hill, and there being nothing in the record by which a surveyor would be able to find it, it must be apparent that it would be impossible to definitely locate the lots in question. And especially is this true since it appears by the proof that substantially all of the land described in defendant's deed has been used for farming purposes since prior to his purchase in 1877. There is not sufficient proof of the exact location of the " walnut stake" in the surveyor's certificate from which the location of the plat of the addition could be established. From the whole testimony it is quite clear the plat known as William H. Lane's addition to Pleasant Hill has long since been abandoned, and

we think the decision of the district court in favor of defendant was correct.    It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.